IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

KWAYLON DEMARIS WILLIAMS            §

VS.                                 §                CIVIL ACTION NO. 1:21cv114

JOHN DOE                            §

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Kwaylon Demaris Williams, an inmate currently confined at the Michael Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, brings this lawsuit pursuant to 42 U.S.C. § 1983 against John Doe, an unknown medical practitioner at the Stiles Unit.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge, for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

On March 25, 2020, plaintiff claims medical professionals were ordered by Captain Knodd to give him medical attention for alleged sexual abuse and assault by officer Vincent Allen and to send plaintiff to a hospital for DNA testing and a physical exam of his injuries.[1]  Plaintiff claims the defendant refused to send him to a hospital and, instead, coerced him into signing a refusal because it was too late and plaintiff had already been eating and drinking.  Plaintiff claims the defendant was going home and promised plaintiff if he signed a refusal he would treat him with medication for sexually transmitted diseases and he could see a doctor the next day to determine if he needed to go to a hospital.  Plaintiff claims that the defendant did not do what he told plaintiff he would.

---

[1]  In Civil Action No. 1:20cv291, styled *Williams v. Allen*, plaintiff alleged that officer Allen grabbed his breast, twisted his arm and threatened him, and demanded that plaintiff perform oral sex on him.  Plaintiff further alleged he spit Allen's DNA inside a glove and "turned him in."

Standard of Review

An in forma pauperis proceeding may be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) if it: (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from such relief.

A complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997).  A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory.  *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

In addition to the legal basis of the complaint, Section 1915 empowers the court to pierce the veil of the complainant's factual allegations if they are clearly baseless.  *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Ancar v. Sara Plasma, Inc.,* 964 F.2d 465 (5th Cir. 1992).  A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless*.  Denton*, 504 U.S. at 32.

In *Denton v. Hernandez*, the Supreme Court "declined the invitation to reduce the clearly baseless inquiry to a monolithic standard." *Denton*, 504 U.S. at 33.  Examples of complaints within the clearly baseless inquiry are those which describe fanciful, fantastic, or delusional scenarios.  A complaint is factually frivolous if the facts alleged rise to the level of the irrational or wholly incredible.  Pleaded facts which are merely improbable or strange, however, are not clearly baseless for Section 1915(d) purposes. *Id.*

A complaint fails to state a claim upon which relief may be granted if the factual allegations are not sufficient to raise a right to relief above the speculative level.  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).  Dismissal for failure to state a claim is appropriate when the plaintiff has failed to plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S.  662, 678 (2009) (quoting *Twombly*, 550 U.S. 544, 570).

Plaintiffs must state enough facts to "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. 544, 570.

In considering whether to dismiss a complaint for failing to state a claim upon which relief may be granted, all factual allegations in the complaint must be taken as true and construed favorably to the plaintiff. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). However, conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Twombly*, 550 U.S. at 555.

Analysis

*Medical Care*

Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment, whether the indifference is manifested by prison doctors or by prison guards in intentionally denying or delaying access to medical care. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999). "Deliberate indifference is an extremely high standard to meet." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Deliberate indifference encompasses only the unnecessary and wanton infliction of pain repugnant to the conscience of mankind. *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1999). To satisfy the exacting deliberate indifference standard, a defendant's conduct must rise "to the level of egregious intentional conduct." *Gobert v. Caldwell*, 463 F.3d 339, 351 (5th Cir. 2006).

The United States Supreme Court has adopted "subjective recklessness as used in the criminal law" as the appropriate definition of deliberate indifference under the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 839-40 (1994). Under this definition, a prison official cannot be found liable under the Eighth Amendment unless the official knows of and disregards an excessive risk to inmate health or safety. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Farmer*, 511 U.S. at 837. Under exceptional circumstances, a prison official's knowledge of a

substantial risk of harm may be inferred by the obviousness of the substantial risk. *Id*; *Reeves v. Collins*, 27 F.3d 174 (5th Cir. 1994). Medical records of sick calls, examination, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference. *See Varnado v. Lynaugh*, 920 F.2d 320 (5th Cir. 1991).

Plaintiff's allegations against the defendant fail to state a claim upon which relief may be granted. There is no constitutional right requiring prisoners to receive either treatment or testing at an outside hospital. Plaintiff's allegation that the defendant failed to send him to an outside hospital for DNA testing or treatment does not amount to a constitutional violation. Further, plaintiff has failed to set forth any factual support for his conclusory allegation that he was coerced into signing a refusal of services. Finally, plaintiff has alleged no injury as the result of the defendant's failure to provide him with medications for sexually transmitted diseases.

Plaintiff's disagreement with the course of treatment provided by the defendant and plaintiff's apparent belief that he should have received additional treatment is not sufficient to show deliberate indifference. At most, Plaintiff's allegations constitute nothing more than negligence or a disagreement with medical professionals over the proper course of treatment. Negligence does not constitute a violation of the Eighth Amendment. Unsuccessful medical treatment, acts of negligence or medical malpractice, and disagreements as to diagnosis or treatment do not constitute deliberate indifference. *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995). Further, dissatisfaction with medical treatment or diagnosis does not constitute "deliberate indifference" to a serious medical need and does not rise to the level of the denial of a constitutional right. *Gamble*, 429 U.S. at 106; *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).

Plaintiff has failed to show the defendant was aware of a substantial risk of serious harm and failed to take measures to abate the risk. Plaintiff's allegations fail to rise to the egregious level required to state a claim under the Eighth Amendment. Further, Plaintiff has failed to allege any harm suffered as the result of the defendant's actions. Accordingly, Plaintiff's complaint fails to state a claim upon which relief may be granted against the defendant.

*Failure to Allege Physical Injury*

Additionally, plaintiff's lawsuit should be dismissed because he has failed to allege the defendant's actions caused him to suffer a physical injury. Title 42 U.S.C. § 1997e(e) provides as follows: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." In interpreting this statute, the Fifth Circuit has said that the physical injury must be more than *de minimis*, but need not be serious. *Siglar v. Hightower*, 112 F.3d 191 (5th Cir. 1997).

As plaintiff has failed to allege any physical injury, he has failed to state a claim which satisfies the requirements of Section 1997e(e). Accordingly, the complaint should be dismissed.

## Recommendation

Plaintiff's complaint should be dismissed as frivolous and for failure to state a claim upon which relief may be granted.

## Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 18th day of September, 2023.

_____
Zack Hawthorn
United States Magistrate Judge